JOSEPH FRIESON, Plaintiff, *v.* ALMIN REALTY CORPORATION, Defendant.

City Court of the City of New York, Special Term, New York County, March 7, 1945.

*Wien & Tombach* for defendant.

*Steinberg & Meltzer* for plaintiff.

SCHIMMEL, J. This is an action by a tenant against his landlord to recover treble damages for an alleged overpayment of rent. The action is predicated upon subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e], as amd.) which provides that the tenant may recover as much as " three times the amount " of the overcharge together with reasonable attorney's fees and costs.

It is claimed that $47 per month was the " ceiling " rent which should have been paid for the apartment occupied by plaintiff but that the defendant collected $70 per month over a period of thirteen months. Plaintiff therefore seeks to recover $897, being three times $299, the alleged overpayment, together with attorney's fees.

The question on this motion is whether plaintiff was entitled to demand a trial by jury of this action although the lease embracing the alleged illegal agreement for a rent of $70 per month also contained the following clause: " It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this

lease, the Tenant's use or occupancy of said premises, and/or any claim of injury or damage."

The right of action conferred upon the plaintiff by the statute is not based upon the lease as such and cannot be qualified by any provision of the lease. The tenant could not by contract effectively waive his right to bring the action, and he cannot contract away any right connected with the action, including that of trial by jury. The provision in the lease for waiver of trial by jury has no application to this statutory action founded upon the alleged unlawful overpayment. As the lease does not justify the overcharge so nothing included therein will affect or impair any substantial or procedural right of the tenant in the prosecution of the suit to recover the overcharge and statutory damages.

The motion to strike the cause from the jury calendar is denied.